IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RICKY SMITH, )
)
    Petitioner, ) CASE NO. CV514-08
)
v. )
)
UNITED STATES OF AMERICA, )
)
    Defendant. )
)

## O R D E R

Before the Court is a completed CJA Voucher for Petitioner Ricky Smith's appointed counsel, Mr. Joshua Campbell, seeking payment under 18 U.S.C. § 3006A(d)(3). In the voucher, Mr. Campbell seeks $10,420.20 in attorney fees and expenses for his representation of Petitioner in this matter. The Court's receipt of this voucher precipitated a certain degree of concern. In his § 2255 motion, Petitioner argued that he previously received ineffective assistance of counsel and that his sentence was improperly enhanced. In the Court's experience, Mr. Campbell's request for fees and expenses exceeds the average CJA voucher for what amounts to a relatively simple and straightforward case. Therefore, the Court has conducted a careful review of Mr. Campbell's request and attached materials, along with the record in this case. As discussed below, the Court

concludes that Mr. Campbell's request is excessive and must be reduced.

In reviewing Mr. Campbell's request, the Court must be mindful of its obligation to ensure that public funds are used to compensate appointed counsel only for reasonable fees and expenses associated with representing an indigent client. Important is the historical pro bono nature of CJA representation. For many years, members of most judicial bars were required to represent indigent individuals without the promise of any compensation from the government. Indeed, the CJA was designed not as a source of profit, but rather "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono." United States v. Diaz, 802 F. Supp. 304, 307 (C.D. Cal. 1992). In this regard, full compensation for attorneys is and never was the purpose of CJA funding, United States v. Mukhtaar, 2008 WL 2151798, at *2 (S.D.N.Y. May 21, 2008), because "[t]he spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature," Diaz, 802 F. Supp at 307. Keeping these principles in mind, the Court now turns to Mr. Campbell's voucher.

This case ultimately required an evidentiary hearing before the Magistrate Judge and the Court sees no reason to reduce the in-court hours billed by Mr. Campbell. However, the Court finds the number of out-of-court hours billed to be incongruent with the demands of this case. As stated above, Petitioner's motion related only to questions concerning the effectiveness of his prior counsel and whether Petitioner was properly sentenced. Consequently, the discovery documents were not voluminous, nor were they particularly complex or confusing. Accordingly, the Court finds it unreasonable that Mr. Campbell would seek payment for close to twenty hours in attorney fees simply to review these documents. Furthermore, while Mr. Campbell's in-court hours will not be reduced, the Court can discern no reason why the time Mr. Campbell spent waiting for the hearing to commence should be billed to the Government. Accordingly, those hours shall also be reduced.

Mr. Campbell has also billed over twenty hours to the Government purely for travel. While the Court understands that Mr. Campbell does not live near Petitioner's place of incarceration, the Court finds his four visits and the resulting billed hours substantially out of the ordinary in comparison with similar cases. While the Court does not intend to diminish the value of Mr. Campbell's work, or

3

suggest that he was wrong to visit his client, the resultant charges in this case cannot be reconciled with the spirit and purpose of the CJA. Accordingly, the Court finds it unreasonable that Mr. Campbell would seek payment for such a large number of hours simply for travel time.

After a careful review, the Court concludes that Mr. Campbell should be paid fees in the amount of $6,942.60 plus $756.00 for expenses, totaling $7,698.60, in connection with his representation of Petitioner. In a perfect world, there would be no discrepancy between the amount of compensation counsel receives from retained and indigent clients. This, however, is not the system of which we are a part, requiring the Court to work diligently and scrutinize CJA vouchers to ensure that the limited resources set aside for indigent representation remain sufficient to cover future needs.

Finally, the Court commends Mr. Campbell for his representation of Petitioner in this case. The practice of law is one of the three historical learned professions, which were traditionally characterized not only by their specialized training, but also the counsel and service they provided to others outside of the expectation of material gain. The Court is sure Mr. Campbell would agree that providing competent counsel to indigent individuals absent

the availability of any compensation for counsel's pro bono efforts both fits with this tradition and appeals to the highest qualities of character often found wanting in some members of today's legal profession.

SO ORDERED this 15th day of January 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA